UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT SINCLAIR LEE,

    Plaintiff,

v.                                          Case No. 3:24cv321-TKW-HTC

CAPTAIN J. WHITE, et al.,

    Defendants.
_____/

## ORDER

Before the Court are two documents filed by Plaintiff Robert Sinclair Lee. The first is a motion asking for a 30-day extension of the discovery deadline. Doc. 59. Lee asserts the discovery deadline should be extended because: (1) he is waiting for Defendants' counsel to tell him how much it will cost to make copies of the documents Defendants produced and he will then need to make a special withdrawal request from his inmate account to pay for the copies; (2) he needs those documents to file a motion for summary judgment; and (3) he is waiting to be put on a call out to complete his review of the video evidence. Lee also represents he spoke with Defendants' counsel on April 8 and Defendants do not oppose the requested extension. Upon consideration, the Court will grant the motion and extend the discovery deadline to June 11, 2025, for the limited purposes of giving Lee

additional time to pay for copies of the requested documents and for them to be sent to him and for him to review the video evidence.

The second document Lee filed is titled "Request to be Depositioned." Doc. 60. Lee asks the Court to appoint a court reporter "to do depositions on him," since Defendants' counsel "has not requested this with the court."[1]

Lee's "Request" will be denied. First, the "Request" is procedurally deficient because a party can only seek relief from the Court through a motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Lee is advised that, in the future, documents he submits which do not comply with the Federal Rules of Civil Procedure and the Northern District of Florida's Local Rules may be returned without action and without docketing.

Second, the Court cannot pay a party's litigation expenses and, thus, the Court cannot appoint a court reporter to depose Lee. *See Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [§ 1915] for the payment by the government of the costs of … litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). Furthermore, it is unclear why Lee needs to depose himself when his statements can be presented through a declaration or affidavit.

---

[1] Lee also alleges Defendants' counsel told him on March 3, 2025, that counsel and the Court discussed depositions "upon themselves." However, the Court *has not* had any ex parte discussions with Defendants' counsel regarding depositions.

Case No. 3:24cv321-TKW-HTC

Third, on April 8, the Court granted Defendants' motion to take Lee's deposition under Fed. R. Civ. P. 30(a)(2)(B). While the Court has granted Defendants permission to depose Lee, whether they choose to do so is up to them.

Accordingly, it is ORDERED:

1. Lee's motion for extension of time (Doc. 59) is GRANTED to the extent the discovery deadline is extended to **June 11, 2025**, for the limited purposes set forth herein.

2. Lee's "Request to be Depositioned" (Doc. 60) is DENIED.

DONE AND ORDERED this 21st day of April, 2025.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**