IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ROBERT SINCLAIR LEE,**

    **Plaintiff,**

**v.**                                                 **Case No.: 3:24-cv-321-TKW-HTC**

**JACOB GRIMM, et al.,**

    **Defendants.**

_____/

## DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE

Pursuant to N.D. Fla. Loc. R. 56.1(D), Defendants Coates, Gerencser, Grimm, Hartley, Perkins, Trumble, White and Young ("Defendants" or individually named) file this reply to Plaintiff's Response to Defendants' Motion for Summary Judgment and in support of thereof state the following:

**I.**     **There are no genuine issues of material facts;**

**II.**     **Plaintiff has not overcome his burden to establish that Defendants are not entitled to Qualified Immunity.**

**III.**     **Plaintiff has not established that he is entitled to compensatory or punitive damages.**

## MEMORANDUM OF LAW

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as

a matter of law." Fed. R. Civ. P. 56. "An issue of fact is 'material' if it is a legal element of the claim, as identified by the substantive law governing the case, such that its presence or absence might affect the outcome of the suit. It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citations omitted). "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted).

I. **Plaintiff has not raised a genuine dispute of material fact related to his excessive force and failure to intervene claims and has not provided sufficient evidence to support a finding in his favor.**

   **A. Excessive Force**

Plaintiff contends that he does not dispute the application of force but instead "challenges the officers' continued sadistic and malicious use of excess force and continued use of force when he could no longer resist." Doc. 85 at 23. On the contrary, Defendants point to the video evidence in which Plaintiff's continuing non-compliance can be viewed. Exh. C, E. Although Plaintiff alleges he was unable to physically resist because he already in restraints, Plaintiff acknowledged was able to physically resist using his body weight and by grabbing the staircase rail which initiated the use of force. Additionally, Plaintiff is seen on

2

video yelling and tensing his body while Defendants order him to stop resisting and trying to remove his restraints. *See* Exh. E.

Plaintiff asserts that a reasonable jury could conclude that Defendants engaged in "malicious and sadistic acts" to punish Plaintiff for his "verbal assault and successful lawsuit" when White instructed the handheld camera operator to close the camera. However, the video evidence does not show that the force utilized by Defendants was "maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010). While the fixed wing camera video is from a distance, it is not as unclear as Plaintiff asserts. The fixed wing video evidence shows:

0:00:15 – Plaintiff leans away from Defendants.
0:00:15-0:00:26 – Defendants struggle for about 10 seconds to remove Plaintiff from the staircase which results in Plaintiff and Defendants colliding with the wall. It is at this point that Plaintiff's body becomes obstructed from view due to number of bodies in the area.
0:00:29 – An officer opens the cell door.
0:00:44 – An officer bends down to remove Plaintiff's leg restraints.
0:00:48 – Defendants direct Plaintiff to the ground.
0:01:01 – Coates (wearing a hat) walks away from the group.
0:01:04 – A Defendant attempting to remove Plaintiff's leg restraints.
0:01:10-0:01:13 – A Defendant stands up and places the leg restraints on the staircase's platform.
0:01:18 – Caotes walks back to the group.
0:01:23 – Vega, the handheld camera operator walks towards the group.
0:01:55 – Handheld camera begins recording again.

For a jury to infer what Plaintiff proposes they would have to engage in speculation and conjecture as to what is not clearly seen on video.

3

Plaintiff alleges that Defendants applied excessive force when Young allegedly placed his knee on Plaintiff's neck and Hartley allegedly struck him twice with a radio. Defendants deny any such actions and assert that Hartley's radio can be seen holstered on his belt during the use of force video as indicated by the radio's visible green light. *See* Exh. E. However, even taking Plaintiff's allegations as true, he has not proven that such actions constitute excessive force. Eleventh Circuit case law has not concluded that a knee on a neck or strikes with objects automatically constitutes excessive force but rather it supports that several facts, such as duration and need for application, are to be considered. *See Lewis v. City of W. Palm Beach, Fla.*, 561 F.3d 1288 (11th Cir. 2009); *Mobley v. Palm Beach Cnty. Sheriff Dep't*, 783 F.3d 1347, 1352 (11th Cir. 2015). *Croom v. Balkwill*, 645 F.3d 1240, 1251 (11th Cir. 2011).

### B. Failure to Intervene

Plaintiff included two paragraphs of case law relating to deliberate indifference but failed to provide any analysis or explanation to refute Defendants' argument.

### II. Plaintiff has not met his burden to establish that Defendants are not entitled to Qualified Immunity.

Plaintiff argues that qualified immunity is not available as a defense in a lawsuit alleging excessive force. *Skrtich v. Thornton*, 280 F.3d 1295, 1301 (11th Cir. 2002). *See* Doc. 85 at 22-23. *Skrtich* is inconsistent with Supreme Court

precedent. The Court has stated that defendants who used excessive force in violation of the Eighth Amendment "may nevertheless be shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation and internal quotation omitted). Moreover, the Court has emphasized that the qualified immunity analysis "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (citation omitted). In the face of this conflict, this Court must apply Supreme Court precedent.

Plaintiff fails to establish that Defendants' use of force was not in compliance with §944.35(1)(a)(5), Fla. Stat. Instead, Plaintiff speculates that Defendants had a "strong animus" against Plaintiff and the Defendants' use of force must have been retaliation because of Plaintiff's "verbal assault and his successful lawsuit." *See* Doc. 85 at 23. Plaintiff highlights that Young was a defendant in the prior lawsuit. *Id.* at 23.

As an initial matter, Young was not a defendant in the aforementioned lawsuit, so this cannot serve as a motivating factor for retaliation. *See* Exh. H at 25:9-25:25:11; Doc. 84-6 at ¶44. More importantly, Plaintiff's contention that Defendants retaliated based on being verbally assaulted minutes earlier is entirely speculative and conclusory which cannot serve as a basis to defeat summary

judgement. *See West v. Higgins*, 346 Fed. Appx. 423, 425 (11th Cir. 2009) (per curiam) (unreported op.) (citing *Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990)). *See* also *Ellis v. England*, 432 F. 3d 1321, 1326 (11th Cir. 2005) ("For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. Moreover, statements in affidavits that are based, in part, upon information and belief cannot raise genuine issues of fact, and thus cannot defeat a motion for summary judgment.") (internal citations removed). And to the extent that Plaintiff is alleging a claim of retaliation, such was not raised in his Amended Complaint (Doc. 11) and cannot be raised for the first time in response to Defendant's Motion. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312 (11th Cir. 2004).

Furthermore, to the extent Plaintiff argues that Defendants continued to use unnecessarily force when he could no longer resist because he was "already in restraints", Defendants point to the video evidence in which Plaintiff's continuing non-compliance can be observed. *See* Exh. H at 13:4-13:5; Exh. E. Plaintiff is seen yelling and tensing his body while Defendants order him to stop resisting and are operating in a diligent fashion to gain control of Plaintiff's extremities to remove his restraints. Exh. E.

Finally, to the extent Plaintiff is attempting to state a cognizable claim based on the handheld camera being turned off before Plaintiff was secured inside the

6

cell, Plaintiff fails to state a claim based on alleged violation of the Florida Administrative Code. *See* Doc. 85 24. "Failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence." *Taylor v. Adams*, 221 F. 3d 1254, 1259 (11th Cir.2000), cert. denied, 531 U.S. 1077, 121 S. Ct. 774 (2001). "[T]he mere existence of certain regulations does not make the constitutional unlawfulness of an official's actions apparent; the constitutional right allegedly violated must itself have been clearly established." *Childress v. Small Bus. Admin.*, 825 F. 2d 1550, 1553 (11th Cir. 1987) (citing Davis v. Scherer, 468 U.S. 183, 194, 104 S. Ct. 3012, 82 L. Ed. 2d 139 (1984)). *See also Magluta v. Samples*, 375 F. 3d 1269 (11th Cir. 2004) (the procedural requirements set out in regulations are not themselves constitutional mandates, citing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995). "[F]ailure to follow procedures does not, by itself, rise to the level of deliberate indifference." *Andujar v. Rodriguez*, 486 F. 3d 1199, 1204 n.5 (11th Cir. 2007) (quoting *Taylor*, 221 F. 3d at 1259 (11th Cir. 2000), cert. denied, 531 U.S. 1077, 121 S. Ct. 774 (2001)). A claim of a failure to follow rules, policies, procedures, or state statutes alone does not state a constitutional claim. *Jordon v. Colon*, No. 2:09-cv-177-FtM-36DNF, 2012 WL 394472, at *4 (M.D. Fla. Feb. 7, 2012) (unpublished op.) (citing *Harris v. Birmingham Bd. Of Educ.*, 817 F. 2d 1525, 1527 (11th Cir. 1987), and *Buckley v. Barlow*, 997 F. 2d 494, 495 (8th Cir.

1993)). *See also*, *e.g.*, *Goodman v. Kimbrough*, 718 F. 3d 1325 (11th Cir. 2013) (plaintiff who was attacked by his cell mate did not state a viable constitutional claim for deliberate indifference regarding his claims that the officers violated the policies regarding conducting "head counts," checking each cell once per hour, and keeping an emergency call button active, which they deactivated). As such, any claim relating Defendants failing to fulfill a duty, lack of due care, or failure to follow rules/policies/procedures must be dismissed for failure to state a claim.

The record establishes Defendants committed no constitutional violation and violated no constitutional right of the Plaintiff which was clearly established. Therefore, Defendants are entitled to qualified immunity.

## III. Plaintiff has not established that he is entitled to compensatory damages or punitive damages.

Plaintiff is not entitled to compensatory damages. Defendants have already demonstrated that Plaintiff did not suffer an injury which was greater than *de minimis* and has pointed to Plaintiff's medical records and statements to medical staff heard on video after the use of force to demonstrate their position. See Exh. E, I-J. In his Response, Plaintiff does not provide any additional evidence to support his claims and instead provides a declaration which is contrary to Plaintiff's deposition testimony and attempts to describe several new injuries not mentioned during his deposition. In his declaration, Plaintiff for the first time alleges he continues to suffer headaches, pain in his arms, collar bone and right shoulder as

8

result of this incident. *See* Doc. 84-6. However, in his deposition, when asked about his injuries, Plaintiff stated his only physical injuries were "bad neck pain", bruises and scrapes on his wrists. *See* Exh. H at 27:2-27:7. While Plaintiff stated that the incident had exacerbated his back pain, his only ongoing injury was his neck. *Id.* at 33:22-34:1. When asked "Are these injuries you just listed all the injuries?", Plaintiff answered, "Yeah." *Id.* at 27:13-27:15. Defendants have moved to strike the declaration as a sham affidavit pursuant to *Van T. Junkins & Assoc. Inc. v. U.S. Indust. Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). As argued in Defendant's Motion for Summary Judgment, Plaintiff has not demonstrated a greater than *de minimis* injury nor proven that Defendants caused any ongoing injury as Plaintiff had preexisting conditions relating to his neck and back. See Exh. I-J.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendants request that this Court grant final summary judgment in their favor.

Respectfully submitted,

**JAMES UTHMEIER**
ATTORNEY GENERAL

*/s/ Juanita Villalpando*
Juanita Villalpando (FBN 1036083)
Assistant Attorney General
Civil Litigation Division
Office of the Attorney General

9

The Capitol, Suite PL-01<br>
Tallahassee, Florida 32399<br>
Telephone: (850) 414-3300<br>
Juanita.Villalpando@myfloridalegal.com<br>
*Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE WITH WORD LIMIT

**I HEREBY CERTIFY** that the above Reply and Supporting Memorandum does not exceed the 8,000 total word maximum created by N.D. Fla. Loc. R. 7.1(F).

*/s/ Juanita Villalpando*
Juanita Villalpando

## CERTIFICATE OF SERVICE

I certify that a copy of this *Defendants' Reply to Plaintiff's* was e-filed and served electronically on counsel of record through CM/ECF on November 14, 2025.

*/s/ Juantia Villalpando*
Juantia Villapando