# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ROBERT SINCLAIR LEE,**

    **Plaintiff,**

v.                                          Case No. 3:24-cv-321-TKW-HTC

**JACOB GRIMM, et al.,**

    **Defendants.**

_____/

## DEFENDANTS' PRE-TRIAL NARRATIVE, EXHIBIT LIST, AND WITNESS LIST

In accordance with this Court's Order, (Doc. 95), Defendants Coates, Gerencser, Grimm, Hartley, Perkins, Trumble, White and Young ("Defendants"), hereby submits their Pre-Trial Narrative, Witness List with addresses and summaries of anticipated testimony, and Exhibit List:

## PRE-TRIAL NARRATIVE

Robert Sinclair Lee ("Plaintiff") is a prisoner within the custody of the Florida Department of Corrections ("FDC") currently housed at Santa Rosa Correctional Institution – Main Unit ("Main Unit"). Plaintiff alleges Defendants used excessive force when he was transferred to his new cell assignment on May 17, 2024.

On April 5, 2024, Plaintiff was transferred from Wakulla Correctional Institution – Annex to Santa Rosa Correctional Institution – Annex ("Annex"). At

1

the Annex, Plaintiff was housed in J-Dormitory, specifically, the Transitional Care Unit ("TCU"). On April 22, 2024, Plaintiff was discharged from TCU and transferred to K-Dorm, which is the Annex's confinement dorm. On May 2, 2024, State Classification Officer ("SCO") R. K. Walsingham approved Plaintiff for Close Management II ("CMII") status on the basis that on February 6, 2024, Cross City Correctional Institution staff had found a homemade weapon, approximately 3.5" in length, in Plaintiff's pocket. Based on his change in status, Plaintiff was reassigned to the Main Unit. Plaintiff was to be transferred to E-Dorm in the Main Unit, cell E2102, on May 16, 2024. The next day, K-Dorm staff attempted to move Plaintiff again, but Plaintiff continued to refuse to be transferred. Plaintiff alleges that he expressed his fear of Main Unit staff because he had filed a lawsuit against them and had received a settlement.

   Plaintiff refused verbal commands to submit to a strip search, handcuffs and to come out of his cell. Plaintiff received counseling from both corrections and mental health staff to cease his disruptive behavior, but they were unsuccessful. The Duty Warden was contacted, and the use of chemical agents to subdue the disturbance caused by Plaintiff was authorized. At approximately 1:02 p.m., a handheld camera, operated by Officer Steven Vega, began recording the incident. The video starts with Grimm stating that the use of chemical agents against Lee has been approved because Plaintiff is refusing to submit to an unclothed search and exit

his cell for dorm reassignment. With the present camera, Plaintiff agreed to cooperate, eliminating the need for officers to administer chemical agents. Plaintiff stated that he would comply with orders and asked that the camera accompany his escort to the Main Unit. Hartley and another officer placed Plaintiff in full transport restraints which consisted of handcuffs, black box, leg restraints, and a waist chain. Once Plaintiff was fully restrained, Hartley, Grimm and White, along with Officer Vega, proceeded to escort Plaintiff to E-Dorm.

During much of the escort, Plaintiff can be seen and heard combatively yelling at officers, including yelling profanities at them, and telling them that he does not want to be moved to the Main Unit because of what he alleged occurred the last time he had been housed at the Main Unit. At one point, Defendant Young joins the escort. Prior to going inside E-Dorm, Plaintiff started shouting that he "isn't going into a cell with nobody" and continued to do so as Hartley and Young continue to escort Plaintiff towards cell E-2102. Throughout the escort, Defendants calmly ordered Plaintiff multiple times to cease his yelling.

The escort consisting of Plaintiff, Hartley, Grimm, White, Young and Vega entered E-Dorm at approximately 1:24 p.m. Defendants Coates, Gerencser, Perkins, and Trumble were already present in E-Dorm, standing in front of cell E2102. Once inside E-Dorm, Plaintiff continued to yell out that he was not going inside the cell. However, Officer Vega failed to keep the camera on Plaintiff and turned to White,

3

who, with Grimm present, gave a closing statement while Plaintiff was yelling in the background. Thus, the handheld camera did not capture the beginning of the use of force.

However, a fixed wing camera does capture the entirety of the incident from a distance. Fixed wing video evidence shows that Plaintiff began pulling away from Hartley's custodial hold in front of cell E-2102 and grabbing onto the staircase in front of the cell. In his deposition, Plaintiff acknowledges that he refused to comply with lawful commands, "I said no, I'm not going in the cell. So I held the rail, and … I was kind of leaning away from them…." As a result, Defendants pushed and pulled Plaintiff away from the staircase and propelled towards the wall. Plaintiff is held against the wall as the Defendants continue to struggle to bring him into compliance.

At this time, the door to cell E-2102 is opened by one of the Defendants. Defendants and Plaintiff come off the wall, but Plaintiff continues to physically resist by dropping his body weight, dragging down Defendants with him. Defendants applied downward pressure on Plaintiff to keep him on the ground while they collectively removed his transport restraints at the threshold of cell E2102. The fixed wing video shows Gerencser removing the leg restraints and placing them on the staircase platform as the other Defendants continued removing the rest of the restraints.

After one minute and half, Officer Vega starts recording using the handheld camera with White giving the opening statement. Defendants are seen on the handheld video applying downward pressure on Plaintiff while they remove his restraints. Hartley and Young maintained downward pressure on Plaintiff's upper torso while Perkins and Gerencser applied downward pressure on Plaintiff's legs. Trumble and Coates continued to stand while assisting in the removal of the leg restraints and waist chain.

Grimm ordered Plaintiff to stop resisting, "inmate Lee allow them to take off your restraints and you can be placed in the cell. That's all we want to do." Yet Plaintiff continued to yell and resist by tensing his body, specifically his arms, impeding the Defendants' efforts to remove the waist chain. The waist chain is eventually removed, and the video shows as Gerencser hands it over to Grimm. Next, Gerencser hands over the black box. Once the black box, leg restraints, and waist chain were removed, Defendants immediately stopped applying downward pressure and collectively lifted Plaintiff and placed him inside his new cell assignment. Hartley and Trumble are the only officers who step fully inside the cell. Hartley is out of the handheld camera's view for only six (6) seconds. The use of force lasted approximately three minutes, and Plaintiff was immediately placed inside his assigned cell once his transport restraints were removed.

Once Plaintiff was inside the cell, Defendants ordered Plaintiff to come to the door and relinquish his handcuffs, but Plaintiff continued to refuse verbal orders. Medical staff were brought to Plaintiff's cell to conduct a visual examination of Plaintiff. The handheld video shows that Plaintiff did not sustain any visible injuries to his face. Plaintiff's medical records show that that nurse noted that Plaintiff complained about pain in left wrist, but she did not observe any swelling or redness at the site. Additionally, the nurse completed a Diagram of Injury at 1:34 p.m., in which she stated that no injuries were observed or reported at the time of the examination. White asked Plaintiff if he would relinquish his handcuffs so medical can do an anterior and posterior check for injuries, and Plaintiff refused. Plaintiff declared a psychological emergency which was honored after the conclusion of the incident.

## **EXHIBIT LIST**

1. Escort Handheld Video
2. Front Door Fixed Wing Video
3. W2 Control Fixed Wing Video
4. W2 Dayroom Fixed Wing Video
5. Use of Force Handheld Video
6. Still images from videos.

7. Office of the Inspector General's Use of Force Packet – including MINS and Incident Reports.

8. Plaintiff's Medical and Mental Records.

9. Plaintiff's CM Documents.

10. Emails

11. Plaintiff's Internal and External movements via CDC.

12. Plaintiff's Disciplinary History via CDC.

13. Certified copies of Plaintiff's convictions.

14. Certified copies of convictions of any inmate witness called by Plaintiff.

15. Any exhibit listed by Plaintiff (subject to Defendants' objections).

## WITNESS LIST

1. William Coates (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Will testify regarding incident at issue.

2. Antonio Gerencser (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Will testify regarding incident at issue.

3. Jacob Grimm (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Will testify regarding incident at issue.

4. Gabriel Hartley (Defendant)
    a. Address: Care of counsel.
    b. Anticipated Testimony: Will testify regarding incident at issue.

5. Krystal Perkins (Defendant)
    a. Address: Care of counsel.

b. Anticipated Testimony: Will testify regarding incident at issue.

6. Ryan Trumble (Defendant)
   a. Address: Care of counsel.
   b. Anticipated Testimony: Will testify regarding incident at issue.

7. Jack White (Defendant)
   a. Address: Care of counsel.
   b. Anticipated Testimony: Will testify regarding incident at issue.

8. Kyle Young (Defendant)
   a. Address: Care of counsel.
   b. Anticipated Testimony: Will testify regarding incident at issue.

9. Steven Vega (Witness)
   a. Address: Santa Rosa Correctional Institution
   b. Anticipated Testimony: Will testify regarding incident at issue.

10. Dwight Moore (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding incident at issue.

11. Leon Stafford (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding incident at issue.

12. Eddie Cooks, DC# 978441 (Witness)
    a. Desoto Annex
    b. Anticipated Testimony: Will testify regarding incident at issue.

13. Angel Garcia, Mental Health Provider (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding Plaintiff's mental health request.

14. Wes Kirkland or Michael Harrel (Witness)
    a. Address: 501 South Calhoun Street, Tallahassee, FL 32399-2500.
    b. Anticipated Testimony: Regarding use of force procedures and requirements.

15. Terri Ates, LPN (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding Plaintiff's medical examination.

16. Wendy Harris, PCSW, MHP (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding Plaintiff's medical examination.

17. Danielle Parker, APRN (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding Plaintiff's medical examination.

18. Reba Chavis, RCSWI, MHP (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding Plaintiff' psychological emergency request.

19. Brandee Allen (Coulter), APRN (Witness)
    a. Address: Santa Rosa Correctional Institution
    b. Anticipated Testimony: Will testify regarding Plaintiff's medical examination.

20. Kellie Caswell, RN, BSN (Witness) (medical records)
    a. Address: 501 South Calhoun Street, Tallahassee, FL 32399-2500.
    b. Anticipated Testimony: Regarding summary testimony of Plaintiff's Medical Records.

21. Any record custodian necessary for Defendant's Exhibits from Florida Department of Corrections.

22. Any witness included on Plaintiff's Witness List (subject to Defendant's objections).

                                                                        Respectfully submitted,

                                                                        **JAMES UTHMEIER**
                                                                        **ATTORNEY GENERAL**

*/s/ Juanita Villalpando*
Juanita Villalpando (FBN 1036083)
ASSISTANT ATTORNEY GENERAL
Office of the Attorney General
Civil Litigation Division
The Capitol, PL-01
Tallahassee, Florida 32399-1050
Juantia.Villalpando@myfloridalegal.com
(850) 414-3300
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of this *Defendants' Pre-Trial Narrative, Exhibit List, and Witness List* was e-filed and served electronically on counsel of record through CM/ECF on February 24, 2026.

*/s/ Juantia Villalpando*
Juantia Villapando
